**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TYREE NATHAN ROBERTS,** | : | **CASE NO: 7:23-CR-006 (WLS)** |
| | : | |
| **Defendant.** | : | |
| | : | |

_____

## ORDER

Before the Court is the Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 27) ("Motion").  Therein, Defense Counsel requests a continuance of the trial of this matter from the August 2023 trial term to a trial term satisfactory to the Court. Defense Counsel indicates that she is still in the process of reviewing discovery with Defendant and she needs additional time to investigate potential witnesses and the information received. Defense Counsel represents that she conferred with Government's counsel, Assistant United States Attorney, Monica Daniels, who does not oppose the Motion.  Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 27) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2023 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

      **SO ORDERED**, this 8th day of June 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**