IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | |
| **TYREE NATHAN ROBERTS,** : | **CASE NO: 7:23-CR-006 (WLS)** |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

This matter came before the Court on April 17, 2024, for a continued sentencing hearing on whether Defendant Tyree Nathan Roberts is subject to the mandatory minimum sentence of fifteen (15) years imprisonment imposed by the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e). During the continued hearing, it came to the Court's attention that the United States Attorney's Office for the Middle District of Georgia ("USAO MDGA") appears to be inconsistent in its application and practice of requesting that the ACCA be imposed and/or in bringing to the Court's attention the possibility that a defendant may be subject to sentencing under the ACCA.

The case law is clear that imposition of the ACCA is mandatory regardless of whether the Government affirmatively seeks the enhancement.[1] *See United States v. Cobia*, 41 F.3d 1473, 1475-76 (11th Cir.) (per curiam), *cert denied,* 514 U.S. 1121 (1995). It is also this Court's responsibility to ensure that the sentences it imposes on defendants are consistent and fairly imposed.

Accordingly, the Court, *sua sponte*, **ORDERS** as follows:

1. Defendant's sentencing hearing is continued to **Thursday, May 23, 2024 at 2:30 p.m.**

2. The U.S. Probation Office for the Middle District of Georgia ("USPO") is directed to assist the Parties to the extent it is able by promptly providing counsel for the

---

[1] The Court is cognizant that the Defendant does not concede the ACCA applies in this case.

1

Parties with the case numbers of matters during the past two years in which it appears the ACCA may have been applicable but was not imposed in cases in this District.

    3.    On or before **Wednesday, April 24, 2024**, counsel for the Government shall supplement its brief (Doc. 44) in support of applying the ACCA to this case, to provide the Court with a statement of the general practices and policies used by the USAO MDGA in analyzing whether the ACCA is applicable to defendants and the criteria used for deciding whether to request the enhancement be imposed and/or whether to specifically bring the matter to the Court's attention. The Government's supplement should apply its analysis to the cases cited in Defendant's response—*United States v. Joseph Adams*, Case No. 7:21-CR-12 and *United States v. Anterrio Merritt*, Case No. 7:23-CR-70 (Doc. 45 at 9-10)—as well as to any specific cases provided by the USPO under paragraph 2 above.

    4.    The Defendant's response to the Government's supplement shall be filed on or before **Wednesday, May 1, 2024**.

    5.    In addition to the above information, the Parties' briefs shall include:

    a.    If the USAO MDGA's practices are inconsistent, advise the Court under what authority it may decline to impose the mandatory enhancement under the ACCA; and

    b.    Advise the Court of the substance of the notice that a defendant must receive before a court may impose the ACCA enhancement, and whether such notice was provided to Defendant Roberts. *See e.g., United States v. Gibson*, 64 F.3d 617, 625 (11th Cir. 1995), *cert. denied*, 517 U.S. 1173 (1996) (finding that defendant "received reasonable notice of his *prior convictions* and an opportunity to challenge them to satisfy due process" where, through discovery defendant received a copy of his criminal history and copies of each information and state court judgment relating to the prior state court convictions and defendant's counsel had recognized that the enhancement applied as he found it "somewhat strange" that the initial presentence investigation report failed to include the penalty enhancement) (emphasis added)). *See also Cobia*, 41 F.3d at 1476 (discussing defendant's receipt and sufficiency of notice of *prior convictions* (emphasis added)).

    c.    Whether any inconsistency by the U.S. Attorneys in this District in asserting applicability of the ACCA inures to Defendant Robert's benefit—Constitutionally or otherwise—such that the Court must impose sentence without regard to the ACCA?

2

6.  The Court shall hear further arguments and/or submissions as to Defendant's status as an Armed Career Criminal in conjunction with the continued sentencing hearing on **Thursday, May 23, 2024**.

**SO ORDERED**, this 18th day of April 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
