IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| TYREE NATHAN ROBERTS, | :   CASE NO: 7:23-CR-006 (WLS) |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

On May 23, 2024, a continued sentencing hearing was held in the above-styled action. Immediately prior to conducting the sentencing portion of the hearing, the Court issued from the bench, its decision denying an oral request made by the Government at the initial sentencing hearing on March 7, 2024. In effect, the Government requested that it be allowed to file a late objection to the presentence investigation report because the report did not identify the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum sentence and did not calculate Defendant Tyree Roberts' sentencing range using the ACCA guideline.

Upon consideration of the entire record, including the Government's oral request, the Parties' briefs (Docs. 44, 45, 51, 52), the presentence investigation reports (Docs. 35, 39), counsels' arguments on behalf of the Defendant and the Government, and for the reasons stated on the record, and by reference incorporated herein, the Court denied the Government's request to file a late objection to the presentence investigation report. To memorialize the Court's ruling from the bench, the Court hereby issues the following Order.

**I.    BACKGROUND**

On February 14, 2023, a one-count Indictment (Doc. 1) was filed against Defendant. The Indictment charged that on or about December 31, 2021, Defendant, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

1

Defendant entered into a Plea Agreement (Doc. 32) with the Government, and on November 1, 2023, at the conclusion of a change of plea hearing, Defendant entered a guilty plea (Doc. 33). This matter was initially set for sentencing hearing on March 7, 2024 at 3:00 p.m. On February 1, 2024, the United States Probation Office ("USPO") filed the Draft Presentence Investigation Report (Doc. 35) ("Draft "PSR"). On February 15, 2024, Defendant filed his objection to the report (Doc. 36), and on that same date, the Government filed its notice of no objection (Doc. 37) to the report. Thereafter, on February 29, 2024, the USPO filed a Final Presentence Investigation Report (Doc. 39) ("Final PSR").

The morning of the March 7, 2024 initial sentencing hearing, the Government filed a Motion to Continue Sentencing (Doc. 40) ("Motion to Continue") requesting a continuance of that hearing. The basis for the Motion to Continue was that after further review of the Final PSR and Defendant's criminal history, the Governments believed that Defendant *may* be an armed career criminal pursuant to § 18 U.S.C. § 924(e)(2)(B)(i). (Doc. 40 ¶ 2) In such event, Defendant's term of imprisonment would be a mandatory minimum of fifteen (15) years imprisonment. *See* 18 U.S.C. § 924(e)(1). The Plea Agreement advised Defendant that pleading guilty to Count I of the Indictment subjected him to "a maximum sentence of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years[.] Defendant further acknowledge[d] that the Court is required to impose a mandatory assessment of $100.00." (Doc. 32 ¶ 3) Further, at the change of plea hearing, the Court had the following colloquy with the Defendant:

> [THE COURT:] Now, first of all, I remind you that the particular offense in Count One carries a maximum possible penalty of 10 years in imprisonment, or a maximum fine of $250,000, or both 10 years of imprisonment and $250,000 fine, and any period of imprisonment would be followed by a period of up to three years of supervised release, and you would be required pay a $100 mandatory assessment fee payment. Do you understand that to be maximum possible penalty for this offense?[1]
>
> THE DEFENDANT: Yes, sir.

Tr. Change Plea Hrg. 11:10—20 (Doc. 43).

---

[1] Counsel for the Government also stated this as the maximum possible sentence in its summary of the Parties' agreement to the Court at the change of plea hearing. Tr. Change Plea Hrg. 2:21—3:16.

2

The Government requested that the March 7, 2024 sentencing hearing be continued to allow time for the parties to brief the issue. The Defendant objected to the continuance asserting the Government should be held to its Plea Agreement. Primarily because of the Court's concern that it might have unknowingly played a role impacting fair and legal sentencing, the Court granted a continuance and ordered the Parties to brief the issues involved.

The sentencing hearing was continued to April 17, 2024. During the continued hearing, it came to the Court's attention that the United States Attorney's Office ("USAO") for the Middle District of Georgia may not have been consistent in its application and practice of requesting that the ACCA be imposed and/or in bringing to the Court's attention the possibility that a defendant may be subject to sentencing under the ACCA. The Court stated:

> The case law is clear that imposition of the ACCA is mandatory regardless of whether the Government affirmatively seeks the enhancement. *See United States v. Cobia*, 41 F.3d 1473, 1475-76 (11th Cir.) (per curiam), *cert denied,* 514 U.S. 1121 (1995). It is also this Court's responsibility to ensure that the sentences it imposes on defendants are consistent and fairly imposed.

(Doc. 47 at 1) (footnote omitted). The Parties were ordered to file additional briefs, which they did. The sentencing hearing was rescheduled to May 23, 2024.

## II.   LAW AND AUTHORITY

Defendant was charged with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), and the offense was alleged to have occurred on or about December 31, 2021. Absent the penalty enhancements of the ACCA, Defendant would be subject to the penalties provided for in 18 U.S.C. § 924(a)(2)[2]—*i.e.*, maximum of ten year prison term, $250,000 fine, or both.

The mandatory minimum fifteen-year term of imprisonment for an armed career criminal is imposed by statute as follows:

---

[2] Effective June 25, 2022, the penalties for violations of § 922(g) are provided for under § 924(a)(8) which provides for a minimum term of imprisonment of fifteen years. Thus, had Defendant's offense occurred on or after June 25, 2022, even without the application of the ACCA enhancement, he would have faced a minimum of fifteen years' incarceration. However, Defendant's offense occurred on December 31, 2021, and his penalty is assessed under § 924(a)(2).

3

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony[3] or a serious drug offense, or both, committed on occasions different from one another, such person *shall* be fined under this title *and imprisoned not less than fifteen years*, and, *notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)*.

18 U.S.C. § 924(e)(1) (emphasis added).

With respect to objecting to the presentence investigation report, Federal Rule of Criminal Procedure 32 provides:

> (1) Time to Object. Within 14 days after receiving the presentence report, the parties must state in writing any objections, *including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.*
>
> . . .
>
> (3) Action on Objections. After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

Fed. R. Crim. P. 32(f) (emphasis added). "The court may, for good cause, change any time limits prescribed in [Rule 32]." Fed. R. Crim. P. 32(b)(2).

Federal Rule of Criminal Procedure 11 requires that

> Before the court accepts a plea of guilty, . . . the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> . . .

---

[3] 18 U.S.C. § 924(e)(2) further provides:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

§ 924(e)(2)(B), (C).

> (G) the nature of each charge to which the defendant is pleading;
>
> (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; [and]
>
> (I) any mandatory minimum penalty[.]

Fed. R. Crim. P. 32(b)(1)(G)-(H).

## III. DISCUSSION

The Final PSR did not identify ACCA's fifteen-year mandatory-minimum sentence, did not calculate Defendant's advisory guidelines sentencing range using the ACCA guideline provision, *see* U.S.S.G. § 4B1.4, and stated that "[t]he plea agreement did not impact the resulting advisory guideline range, as all relevant conduct was considered." (Doc. 39 ¶ 67)

The Defendant filed an objection to the Draft PSR on February 15, 2024 (Doc. 36).[4] That same date, the Government filed notice that it had no objections (Doc. 37). To date, the Government has not filed an objection to, or requested an extension of time to file an objection to, the Draft or Final PSR. The Government cannot avoid its failure to timely object by suggesting to the Court that the Court must, nevertheless, sentence the Defendant per the ACCA because it is statutorily required to do so. That is not actually the question before the Court. The Government's position assumes facts not properly in evidence or in the record of this case for the purposes asserted.

While the Eleventh Circuit has ruled that application of the ACCA is mandatory, this Court has to first be satisfied that the requirements of § 924(e)(1) have been met before the fifteen-year term of imprisonment is applicable and thus, mandatory. *United States v. Cobia*, 41 F.3d 1473, 1475 (11th Cir. 1995) (quoting *United States v. Johnson*, 973 F.2d 857, 860 (10th Cir.1992) ("Once the sentencing court was aware that the *requirements of § 924(e)(1) were satisfied*, the enhancement was mandatory." (emphasis added)). That is the question that could have been, but was not, raised by an objection filed by the Government to the Draft or Final PSR. Therefore, as to the issue of the ACCA's applicability, the Court may accept the Final PSR, subject to the Defendant's valid and timely objection. What is before the Court is a Final PSR

---

[4] Defendant's objection (Doc. 37) was considered during the sentencing phase of the hearing and is not discussed herein as the Court's decision with respect to Defendant's objection does not impact the issues discussed herein.

finding that the sentencing range for imprisonment is statutorily limited to 120 months by 18 U.S.C. § 924(a)(2), as in effect at the time Defendant committed the offense, December 31, 2021, and to which he pled guilty.

Therefore, the proper and relevant question before the Court is whether the Government showed good cause to file a new objection at the sentencing hearing per Federal Rule of Criminal Procedure 32(b)(2). The Defendant objected to the Government's attempted late objection.

A careful review and consideration of the Government's stated reasons in view of the extended period of the time the relevant information had been previously available, the Final PSR, and Defendant's objection to the Government's late objection, the Court finds that the Government failed to show or demonstrate good cause for the Court to change the time limit within which the Government was permitted to file objections to the PSR.

An avoidable oversight or last minute realization or perception, in view of the time over which the information that the ACCA might impact this case has been available to the Government, and in light of the multiple critical stages of this case at which such important information should have caught the attention of Government's counsel for development and/or confirmation; *i.e.*, the arraignment, plea agreement negotiations and execution, the plea colloquy at the change of plea hearing, and the Draft PSR, followed by the Government's notice of no objection, strongly weigh against a finding of good cause. At all critical times the Defendant has been advised of the applicable maximum term of imprisonment of ten years and not otherwise noticed of a different, harsher, and mandatory sentence. Most importantly including the fact that the Court was unaware of and did not provide notice of a possible mandatory minimum fifteen-year term of imprisonment at the change of plea hearing. *See* Fed. R. Crim. P. 11(b)(1)(I).

The simple listing in the PSR of potential qualifying prior offenses does not require, or sufficiently support, *per se*, a finding that that ACCA applies; therefore, requiring the Court to impose a sentence pursuant to the ACCA. It is known to all concerned, based on Supreme Court and circuit opinions that actual applicability is usually determined after notice and upon objections seeking to sustain or challenge prior convictions for applicability of the ACCA. In responding to the Court's concern as to whether the USAO in this District was consistent in

seeking to impose the ACCA enhancement and/or in bringing the issue of the ACCA's applicability to the Court's attention,[5] the Government notes several offenses which do not qualify as violent felonies because the elements of the state offense do not necessarily meet the federal standard of a "violent felony" which requires "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The Government's list of such offenses includes: aggravated assault, aggravated battery, robbery by intimidation, and criminal attempt to commit kidnapping under Georgia law; armed robbery under California law; and assault serious bodily injury under North Carolina law. (Doc. 51 at 6-12). To successfully use these as qualifying offenses in a particular case, the Government would need to put into evidence,

> [A] limited class of documents—known as *Shepard*[6] documents and including such items as the indictment, jury instructions, and plea agreement—to determine what crime, with what elements, a defendant was convicted of so that [the court] can then compare that crime, as the categorical approach commands, with the relevant generic offense.

*United States v. Morales-Alonso*, 878 F.3d 1311, 1316 (11th Cir. 2018) (internal quotation marks omitted) (citation omitted). The Government concedes that "the Due Process Clause requires that the defendant receive notice about *which* of his previous convictions will be used to support the ACCA-enhanced sentence, so that he will have an opportunity to challenge their use as predicates." (Doc. 51 at 18 (emphasis in original)). The Government did not provide a list of *which* of Defendant's previous convictions it asserted supported an ACCA-enhanced sentence, or specifically denote *which* offenses included in the PSR it asserts meet ACCA requirements, until March 14, 2024, a week after it moved to continue the March 7, 2024 sentencing hearing. (*See* Doc. 44 at 3) The Government contends that "[u]nder the ACCA's 'elements' clause, a Florida conviction for armed robbery categorically is a violent felony." (*Id.* at 2) In support, the Government cites *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th

---

[5] Counsel for the Defendant asserted that it appeared the USAO in this District has a policy that if a defendant had been told a lower maximum term of imprisonment when the defendant agrees to a change of plea, then the Government stood by the previously stated maximum and did not assert the new mandatory minimum although the probation office noted the impact of the plea agreement on the probation office's calculation of the sentence. *See* discussion Tr. Change Plea Hrg. 14—23.

[6] *Shepard v. United States*, 544 U.S. 13 (2005).

Cir.2016) ("Seabrooks is an armed career criminal under § 924(e) because his prior Florida armed robbery convictions under Fla. Stat. § 812.13 qualify as violent felonies under the ACCA's elements clause in § 924(e)(2)(B)(I)"); *Stokeling v. United States*, 586 U.S.__, 139 S. Ct. 544, 555 (2019) ("Robbery under Florida law . . . qualifies as a 'violent felony' under ACCA's elements clause."). (*Id.*) The Court has carefully considered the Government's argument and the procedural posture in which its argument as to the applicability of the ACCA was raised in this case.

The fact of the matter is that the Government finally listing these potential qualifying offenses now in support of it being allowed to file a late objection to the Final PSR, rather than as an actual timely objection to the Draft PSR, does not get the Government over its burden of showing good cause to file a late objection. *See* Fed. R. Crim. P. 32(b)(2) ("The court may, *for good cause*, change any time limits prescribed in [Rule 32]." (emphasis added)). Good cause has not been shown. Rather, the Government has, in effect, blind-sided the Defendant and the Court as to an argument that could have been noticed and brought more than a year ago, and certainly within the fourteen-day time period allotted for filing objections to the Draft PSR.

## IV. CONCLUSION

Upon full review, the Court having determined what it believes to be the appropriate and correct decision consistent with, but not because of, similar cases and circumstances previously decided in this District and under the proper rules and procedures, finds that the Government has not filed a proper, timely objection, nor filed a timely request for extension of time within which to file a proper objection, to the Draft PSR or to the Final PSR. The Court has made its own independent decision based on the totality of the circumstances.

The applicability of the mandatory sentence provided by the ACCA is not automatic, but first requires a finding that the requisite prior convictions are present and apply. The USPO prepared a Draft PSR and Final PSR wherein it did not identify application of the ACCA and agreed that the penalty as to Defendant's maximum term of imprisonment was as Defendant had been consistently advised—ten years. Without good cause, the Government failed to challenge the Final PSR, thereby failing to place application of the ACCA in dispute

8

and properly before the Court upon notice to the Defendant. By so finding, the Court does not find that counsel for the Government has acted in bad faith, but simply has failed to meet the good cause standard in her request to file a late objection to the PSR.

Accordingly, the Government's request for continuance for purposes of allowing it to file a late objection to the Final PSR to apply the ACCA to this case is **DENIED**.[7] Defendant's objection to permitting the Government to file such late assertion is **SUSTAINED**. (*See* Docs. 45 at 13; 52 at 25) As to the applicable sentencing range, the Court accepts the Final PSR (Doc. 39). Therefore, based on the Final PSR before the Court, Defendant's sentencing range is established, subject only to resolution of the Defendant's timely objection (Doc. 36) to the Final PSR, as a maximum of ten years of imprisonment.

**SO ORDERED**, this 31st day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[7] As noted above and for purposes of further clarification, the Court continued the sentencing hearing to provide the Parties with time to brief the issues involved and to provide itself with time to ensure that it was fully apprised of the facts and law so that the sentence it eventually imposed was fair and legal.

9